IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA L. RADLE, and | : |
| JEFFREY DALE SODER, | : Civil Action No. 05-CV-2440 |
| | : |
| Plaintiffs | : (Judge Kane) |
| | : |
| v. | : |
| | : |
| HELEN SAVERCOOL, | : |
| EDWARD SAVERCOOL, and | : |
| BARBARA WEIBLEY, | : |
| | : |
| Defendants | : |

## MEMORANDUM AND ORDER

Before the Court is a pro se complaint (Doc. No. 1) and petitions to proceed in forma pauperis filed by each of the above-named Plaintiffs (Doc. Nos. 2, 3). The complaint alleges that the Defendants violated certain provisions of the Uniform Residential Landlord Tenant Act, and that such violations amounted to fraud.  For the following reasons, Plaintiffs' motions to proceed in forma pauperis will be granted and the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     Discussion

A court is required to review a pro se plaintiff's complaint prior to service of process under 28 U.S.C. § 1915(e).  This section states:

> (2)   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal –
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune

from such relief.

28 U.S.C. § 1915(e). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard of review for a section 1915(e)(2)(B)(ii) failure to state a claim is the same as the standard governing a Rule 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).[1]

In this case, Plaintiffs have alleged that their Defendants-landlords violated Section 2.102(a) of the Uniform Residential Landlord Tenant Act ("URLTA"). (Doc. No. 1.) As a result of the alleged statutory violation, Plaintiffs claim that Defendants "committed fraud." (Id.) Plaintiffs claim that this alleged fraud has caused them undue stress, and seek damages aggregating $40,000.

Federal Courts are courts of limited jurisdiction. The United States Supreme Court has explained the limited role of federal district courts as follows:

> The district courts of the United States, as we have said many times, are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases – civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens. § 1332.

---

[1] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1990). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

> To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $ 75,000. § 1332(a).

Exxon Mobil Corp. v. Allapattah Servs., 125 S. Ct. 2611, 2616-2617 (2005).

In the case at bar, Plaintiffs have sued Defendants only under the URLTA. The URLTA is not a federal law, and accordingly does not provide this Court with jurisdiction to consider Plaintiffs' claims. Furthermore, the Plaintiffs have claimed damages of only $40,000 and therefore there can be no diversity jurisdiction over this action. Accordingly, the Court finds that it lacks jurisdiction to consider this action, and the case must be dismissed. Although courts should ordinarily permit a plaintiff leave to amend a complaint, this rule does not apply where amending the complaint would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). In this case, amending the complaint would be futile, because the Court lacks jurisdiction over Plaintiffs' claims. An appropriate order follows.

**II.    Order**

And now, this 2nd day of February, 2006, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' petitions to proceed in forma pauperis (Doc. No. 2, 3) are **GRANTED**.

2. Plaintiffs' complaint (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to close the file.

    S/ Yvette Kane
Yvette Kane
United States District Judge